Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

**FILED**

for the

Eastern District of California

JUL 10  2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Sacramento Division

| | |
|---|---|
| Mr. Thomas Kent, an individual | ) Case No. 2:19 - CV - 1277 MCE AC PS |
| | ) _(to be filled in by the Clerk's Office)_ |
| _____ | ) |
| ***Plaintiff(s)*** | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) Jury Trial: *(check one)* ☐ Yes ☒ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| **-v-** | ) |
| | ) |
| Century Manor Trust Texas LTD (Mr. David McCall) | ) |
| Qualitech Holdings LLC (Mr. John Moses) | ) |
| Bank of New York - Mellon, plus 20 other defendants | ) |
| | ) |
| _____ | ) |
| ***Defendant(s)*** | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names.)* | ) |

## COMPLAINT FOR A CIVIL CASE

**I.     The Parties to This Complaint**

    **A.     The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Mr. Thomas Kent |
| Street Address | 330 Vernon Street, #1484 |
| City and County | Roseville  (Placer) |
| State and Zip Code | CA 95678-9998 USA |
| Telephone Number | 702-330-4202 |
| E-mail Address | tomkent@cats-company.com |

    **B.     The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Century Manor Trust Texas LTD (Mr. David McCall) |
| Job or Title *(if known)* | Trustee and Director |
| Street Address | 777 East 15th Street |
| City and County | Plano  (Collins) |
| State and Zip Code | TX 75074 |
| Telephone Number | 972-424-8501 |
| E-mail Address *(if known)* | dmccall@ntexas-attorneys.com |

Defendant No. 2

| | |
|---|---|
| Name | Mr. David McCall |
| Job or Title *(if known)* | Trustee and Legal Representative (Lawyer) / Century Manor |
| Street Address | 777 East 15th Street |
| City and County | Plano (Collins) |
| State and Zip Code | TX 75074 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Mr. Leon Morris (AKA:  Admiral Morris USN Ret.) |
| Job or Title *(if known)* | CEO / Century Manor Trust |
| Street Address | 777 East 15th Street |
| City and County | Plano (Collins) |
| State and Zip Code | TX 75074 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | Strategic Gold PTY LTD |
| Job or Title *(if known)* | Austalian Corporation |
| Street Address | 11 Cliff Street, 6160 Perth |
| City and County | Fremantle |
| State and Zip Code | Western Australia – Australia |
| Telephone Number | +61 409 880 690 |
| E-mail Address *(if known)* | strategic.gold@gmail.com |

**B.**      **The Defendant(s) ➔ Continued**

Defendant No. 5

| | |
|---|---|
| Name | Mr. David Siglin |
| Job or Title *(if known)* | CEO / Strategic Gold PTY LTD |
| Street Address | 11 Cliff Street, 6160 Perth |
| City and County | Fremantle |
| State and Zip Code | Western Australia – Australia |
| Telephone Number | +61 409 880 690 |
| E-mail Address *(if known)* | strategic.gold@gmail.com |

Defendant No. 6

| | |
|---|---|
| Name | The Hunger & Agricultural Aid Foundation |
| Job or Title *(if known)* | |
| Street Address | 14 Glendale Close |
| City and County | Cape Town Western Cape |
| State and Zip Code | South Africa 7570 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 7

| | |
|---|---|
| Name | Mr. Abraham F. Witbooi |
| Job or Title *(if known)* | CEO / The Hunger & Agricultural Aid Foundation |
| Street Address | 14 Glendale Close |
| City and County | Cape Town Western Cape |
| State and Zip Code | South Africa 7570 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 8

| | |
|---|---|
| Name | Qualitech Holding LLC |
| Job or Title *(if known)* | |
| Street Address | 205 Vernon Avenue, Suite 155 |
| City and County | Vernon |
| State and Zip Code | Connecticut 06066 |
| Telephone Number | |
| E-mail Address *(if known)* | |

**B.**      **The Defendant(s)**

Defendant No. 9

| | |
|---|---|
| Name | Mr. John Immanuel Moses |
| Job or Title *(if known)* | Managing Partner / Qualitech Holding LLC |
| Street Address | 205 Vernon Avenue, Suite 155 |
| City and County | Vernon |
| State and Zip Code | Connecticut 06066 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 10

| | |
|---|---|
| Name | Global Vision Venture Capital, LLC |
| Job or Title *(if known)* | |
| Street Address | 107 SW 99th Terrace |
| City and County | Gainesville |
| State and Zip Code | FL. 32607 |
| Telephone Number | (352) 256-0059 |
| E-mail Address *(if known)* | Guv@GlobalVisionVC.com. |

Defendant No. 11

| | |
|---|---|
| Name | Mr. Guv D. Carlson |
| Job or Title *(if known)* | CEO / Global Vision Venture Capital, LLC |
| Street Address | 107 SW 99th Terrace |
| City and County | Gainesville |
| State and Zip Code | FL. 32607 |
| Telephone Number | (352) 256-0059 |
| E-mail Address *(if known)* | Guv@GlobalVisionVC.com. |

Defendant No. 12

| | |
|---|---|
| Name | Bank of New York - Mellon |
| Job or Title *(if known)* | |
| Street Address | 240 Greenwich Street |
| City and County | New York |
| State and Zip Code | NY 10286 |
| Telephone Number | |
| E-mail Address *(if known)* | |

**B.     The Defendant(s)**

Defendant No. 13

| | |
|---|---|
| Name | Deutsche Bank AG |
| Job or Title *(if known)* | |
| Street Address | Taunusanlage 12 |
| City and County | Frankfurt am Main |
| State and Zip Code | Germany 60325 |
| Telephone Number | +49 69 910 00 |
| E-mail Address *(if known)* | |

Defendant No. 14

| | |
|---|---|
| Name | Alpha Bank Cyprus Ltd |
| Job or Title *(if known)* | Head Office |
| Street Address | 3 Lemesou Avenue |
| City and County | 2112 Nicosia |
| State and Zip Code | Cyprus |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 15

| | |
|---|---|
| Name | Mr. Konstantinos Koutentakis |
| Job or Title *(if known)* | Managing Director / Alpha Bank Cyprus Ltd |
| Street Address | 3 Lemesou Avenue |
| City and County | 2112 Nicosia |
| State and Zip Code | Cyprus |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 16

| | |
|---|---|
| Name | Mr. Georgio Georgiou |
| Job or Title *(if known)* | Bank Officer / Alpha Bank Cyprus Ltd |
| Street Address | 3 Lemesou Avenue |
| City and County | 2112 Nicosia |
| State and Zip Code | Cyprus |
| Telephone Number | |
| E-mail Address *(if known)* | |

**B.**     **The Defendant(s)**

Defendant No. 17

| | |
|---|---|
| Name | Family Trust Foundation |
| Job or Title *(if known)* | |
| Street Address | P.O. Box 333 |
| City and County | Maylands, Western Australia |
| State and Zip Code | Western Australia 6053, Australia |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 18

| | |
|---|---|
| Name | Redspear Safety PTY LTD |
| Job or Title *(if known)* | |
| Street Address | P.O. Box 333 |
| City and County | Maylands, Western Australia |
| State and Zip Code | Western Australia 6053, Australia |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 19

| | |
|---|---|
| Name | Mr. Francois V. Witbooi |
| Job or Title *(if known)* | CEO / Family Trust Foundation and Redspear Safety PTY |
| Street Address | P.O. Box 333 |
| City and County | Maylands, Western Australia |
| State and Zip Code | Western Australia 6053, Australia |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 20

| | |
|---|---|
| Name | Conficom Trust S.ar.l |
| Job or Title *(if known)* | |
| Street Address | 50 Esplanade |
| City and County | Diekirch |
| State and Zip Code | L-9227 Luxembourg |
| Telephone Number | |
| E-mail Address *(if known)* | |

**B.**     **The Defendant(s)**

Defendant No. 21

    Name

    Job or Title *(if known)*      Conficom Trust S.ar.l

    Street Address      50 Esplanade

    City and County      Diekirch

    State and Zip Code      L-9227 Luxembourg

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 22

    Name      Thyssenkrupp Group AG

    Job or Title *(if known)*

    Street Address      Allee 1 or P.O. Box 40563

    City and County      45143 Essen

    State and Zip Code      Germany

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 23

    Name      Mr. Kraus Gunter

    Job or Title *(if known)*      Managing Director / Thyssenkrupp Group AG

    Street Address      Allee 1 or P.O. Box 40563

    City and County      45143 Essen

    State and Zip Code      Germany

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 24

    Name      Dr. Carsten Thiel von Herff

    Job or Title *(if known)*      CEO / Thyssenkrupp Group AG

    Street Address      Allee 1 or P.O. Box 40563

    City and County      45143 Essen

    State and Zip Code      Germany

    Telephone Number

    E-mail Address *(if known)*

**B.**    **The Defendant(s)**

Defendant No. 25

    Name      Private Banking, Society Generale

| | |
|---|---|
| Job or Title *(if known)* | |
| Street Address | Bahnhofstrasse 62 or Postfach 1974 |
| City and County | CH-8021 Zurich |
| State and Zip Code | Switzerland |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 26

| | |
|---|---|
| Name | Credit Suisse, Investment Bank |
| Job or Title *(if known)* | |
| Street Address | Uetlibergstrasse 231 or P.O. Box 700 |
| City and County | CH-8070, Zurich |
| State and Zip Code | Switzerland |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 27

| | |
|---|---|
| Name | Barclays Bank PLC, Private Bank |
| Job or Title *(if known)* | |
| Street Address | 1 Churchill Place |
| City and County | London |
| State and Zip Code | E14 5HP United Kingdom |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 28

| | |
|---|---|
| Name | HSBC (HK) Limited, Private Bank |
| Job or Title *(if known)* | |
| Street Address | 1 Queen Road |
| City and County | Central Hong Kong |
| State and Zip Code | Hong Kong SAR |
| Telephone Number | |
| E-mail Address *(if known)* | |

**B.**     **The Defendant(s)**

Defendant No. 29

| | |
|---|---|
| Name | Avdin Law Corp |
| Job or Title *(if known)* | |
| Street Address | West 41st. Avenue. Oakridge Centre. Suite 530-650 |
| City and County | Vancouver. British Columbia |
| State and Zip Code | British Columbia V5Z 2M9 Canada |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 30

| | |
|---|---|
| Name | Mr. Kurt T. Avdin |
| Job or Title *(if known)* | Managing Partner / Avdin Law Corp |
| Street Address | West 41st. Avenue. Oakridge Centre. Suite 530-650 |
| City and County | Vancouver. British Columbia |
| State and Zip Code | British Columbia V5Z 2M9 Canada |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 31

| | |
|---|---|
| Name | Mr. Steve Ufnal |
| Job or Title *(if known)* | Broker |
| Street Address | |
| City and County | Vancouver |
| State and Zip Code | Canada |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 32

| | |
|---|---|
| Name | Mr. John Keller |
| Job or Title *(if known)* | Trade Transaction Coordinator |
| Street Address | |
| City and County | Zurich |
| State and Zip Code | Switzerland |
| Telephone Number | |
| E-mail Address *(if known)* | |

**B.**     **The Defendant(s)**

Defendant No. 33

| | |
|---|---|
| Name | Royal Bank of Canada |
| Job or Title *(if known)* | ATTN: Ms. Maria Rajanayagam |
| Street Address | 650 West 41st Avenue, Ste 328 N. O Tower |
| City and County | Vancouver |
| State and Zip Code | British Columbia V5Z 2M9, Canada |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 34

| | |
|---|---|
| Name | Monash Capital Group PTY LTD |
| Job or Title *(if known)* | ATTN:  Mr. Neil Youren |
| Street Address | Level 1, 103 Lonsdale Street |
| City and County | Melbourne |
| State and Zip Code | Victoria 3000, Australia |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 35

| | |
|---|---|
| Name | National Australia Bank |
| Job or Title *(if known)* | ATTN: Mr. Steve Gould and Ms. Sharon Cook |
| Street Address | 800 Bourke Street, Level 1 |
| City and County | Docklands |
| State and Zip Code | Victoria 3008, Australia |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 36

| | |
|---|---|
| Name | Westpac Banking Corporation |
| Job or Title *(if known)* | |
| Street Address | 275 Kent Street, level 18 |
| City and County | Sydney |
| State and Zip Code | NSW 2000 Australia |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.  Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question          ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.  If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

§2314 -Stolen Goods, §1956 Money Laundering, §1344 Bank Fraud, §656 Banker Fraud, §371 Conspiracy, §1962 Prohibited Activities.

### B.  If the Basis for Jurisdiction Is Diversity of Citizenship

1.  The Plaintiff(s)

    a.  If the plaintiff is an individual

    The plaintiff, *(name)*  Mr. Thomas Kent                          , is a citizen of the State of *(name)*  California                          .

    b.  If the plaintiff is a corporation

    The plaintiff, *(name)*                                     , is incorporated under the laws of the State of *(name)*                                     , and has its principal place of business in the State of *(name)*                                     .

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.  The Defendant(s)

    a.  If the defendant is an individual

    The defendant, *(name)*     Mr. David McCall                     , is a citizen of the State of *(name)*      Texas                     . Or is a citizen of *(foreign nation)*                                     .

b.   If the defendant is a corporation

The defendant, *(name)*    Century Manor Trust Texas LTD    , is incorporated under

the laws of the State of *(name)*    Dominican Republic    , and has its

principal place of business in the State of *(name)*    Texas    .

Or is incorporated under the laws of *(foreign nation)*    Dominican Republic    ,

and has its principal place of business in *(name)*    Texas    .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

up to $87 Billion US dollars.  Defendants stole and misued bank guarntees to generate cash funds and participate in private trade transactions.

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

The defendants stole and misrepresented at least two (2) US dollar cash-backed bank guarantee instruments (a marketable security) issued by the Bank of China (herein "BOC"), Head Office, Banking Department, Beijing, as underlying collateral to initially obtain cash funds from a credit lines up to $12 Billion US dollars) from the Bank of New York-Mellon, New York City and HSBC, Hong Kong.  The defendants took distributions from the funds generated by the credit lines and reinvested the balance of the cash funds in private trade programs.   The defendants continued reinvesting the new trade profits in new trade programs, converting funds to other trade programs (commodities), investing in businesses and foundations and distributing funds to avoid detection by plaintiffs between September 2017 and July 2019.  Plaintiffs estimate that during this period, defendants generated funds up to $87 Billion US dollars.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

WHEREFORE, Plaintiffs, respectfully requests that this Court:

A.      Enter a declaratory judgment that the relief sought by the plaintiffs for compensatory damages from all defendants with the return and seizer of all funds generated through the monetization of the stolen bank guarantees (up to $12 Billion US dollars) and all funds generated through subsequent reinvestments and conversions from July 2017 through the date of this judgment (June 2019) (up to $87 Billion US dollars);

B.      Enter a declaratory judgment against all defendants for punitive damages to punish the defendants for willful and malicious behavior against plaintiffs and deter defendants from engaging in similar conduct in the future as the Court deems just and proper;

C.      Award plaintiff's the right to trace all funds and activities of defendants to determine what happened to the funds (money), identify all persons who have handled or received the funds, require each defendant to justify their right to funds identified, confirm funds still held by defendants, confirm defendants property is subordinated to plaintiffs right and all investments and conversions by defendants between July 2017 and July 2019;

D.      Award reasonable and court approved legal and court fees from defendants;

E.      Award injunctive relief (temporary restraining order) against each defendant, as appropriate, to stop defendants from moving, converting and disguising funds from the Court and plaintiffs; and

F.      Grant the United States such other relief as the Court deems just and proper.

G.      A jury trial is not requested.

---

## V.      Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:              7/10/2019

Signature of Plaintiff

Printed Name of Plaintiff          Thomas Kent

### B.      For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm  _____

Street Address  _____

State and Zip Code  _____

Telephone Number  _____

E-mail Address  _____

Thomas Kent
330 Vernon Street, #1484
Roseville, CA 95678-9998
Phone: (702) 330-4202
Fax: (866) 450-2062
Email: tomkent@cats-company.com

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

|  |  |
|---|---|
| **Plaintiff,** | **Civil Case No.** |
| Mr. Thomas Kent, an individual. | §2314 -Stolen Goods |
|  | §1956 Money Laundering |
| **v.** | §1344 Bank Fraud |
|  | §656 Banker Fraud |
| **Defendants,** | §371 Conspiracy |
|  | §1962 Prohibited Activities |

Century Manor Trust Texas Limited;
Mr. David McCall, an individual;
Mr. Leon Morris, (AKA Admiral Morris, USN Ret.), an individual;
Qualitech Holding LLC, a corporation;
Mr. John Moses, an individual;
Bank of New York – Mellon, a corporation;
Strategic Gold PTY LTD, a corporation;
Mr. David Siglin, an individual;
The Hunger & Agricultural Aid Foundation, a corporation;
Mr. Abraham F. Witbooi, an individual;
Global Vision Venture Capital LLC, a corporation;
Mr. Guy D. Carlson, an individual;
Deutsche Bank AG, a corporation;
Alpha Bank Cyprus LTD, a corporation;
Mr. Georgio Georgiou, an individual;
Family Trust Foundation, a corporation;
Redspear Safety PTY LTD, a corporation;
Mr. Francois V. Witbooi, an individual;
Conficom Trust S.ar.l, a corporation;
Mr. Nicholas Martin, an individual;
Thyssenkrupp Group AG, a corporation;
Mr. Kraus Gunter, an individual;

1

1    Dr. Carsten Thiel von Herff, an individual;
     Society Generale Private Banking, a
2    corporation;
     Credit Suisse Investment Bank, a
3    corporation;
     Barclays Bank PLC, a corporation;
4    Aydin Law Corporation, a corporation;
     Mr. Kurt T. Aydin, an individual;
5    Mr. Steve Ufnal, an individual;
     Mr. John Keller, an individual;
6    Royal Bank of Canada, a corporation;
     Ms. Maria Rajanayagam, an individual;
7    Monash Capital Group PTY LTD, a
     corporation;
8    Mr. Neil Youren, an individual;
     National Australia Bank, a corporation; and
9    Westpac Banking Corporation, a
     corporation.

10

11

12                                          **COMPLAINT**

13          The defendants stole and misrepresented at least two (2) US dollar cash-backed bank

14   guarantee instruments (a marketable security) issued by the Bank of China (herein "BOC"), Head

15   Office, Banking Department, Beijing, as underlying collateral to initially obtain cash funds from a

16   credit lines up to $12 Billion US dollars) from the Bank of New York-Mellon, New York City

17   and HSBC, Hong Kong.  The defendants took distributions from the funds generated by the credit

18   lines and reinvested the balance of the cash funds in private trade programs.   The defendants

19   continued reinvesting the new trade profits in new trade programs, converting funds to other trade

20   programs (commodities), investing in businesses and foundations and distributing funds to avoid

21   detection by plaintiffs between September 2017 and July 2019.  Plaintiffs estimate that during this

22   period, defendants generated funds up to $87 Billion US dollars.

23

24                                          **JURISDICTION**

25          This is a major civil case with substantial diversity consisting of 14 defendants residing in

26   14 different US states and 26 defendants residing in foreign countries, with damages in excess of

27   $75,000.  Plaintiffs are asking the US District Court, Eastern District of California, Sacramento

28   Division, to accept jurisdiction over this civil case as per 28 U.S. Code §1332, Diversity of

                                                  2

1  citizenship §1331 and §1391.  The primary defendants are all located in various US states.  None

2  of the defendants are USA or foreign government agencies.

3

4  ### SUMMARY OF THE CASE

5      1.     Plaintiffs take this civil action against defendants for their unlawful conduct to

6  recover funds (money) from the monetization of at least two (2) bank guarantees generating up to

7  $12 Billion US dollars, to recover funds from subsequent private trade transactions generating up

8  to $80 Billion US dollars, to recover losses incurred by the private investors that lost through

9  fraud and deception up to $20 Million US dollars, to obtain compensatory and punitive damages

10  (as allowed under the law and court) and to recover of all reasonable attorney and court costs.

11  This Complaint addresses the defendants unlawful stealing, misdirecting and hiding funds to

12  avoid our detection by plaintiffs.  The plaintiff's also seeks an injunction to compel the

13  defendants to refrain from future acts and to prevent the defendants from moving the funds while

14  discovery, tracing and recovery are in process.

15      2.     This Complaint includes the following six (6) causes of action:

16          2.1.    First Cause Of Action: Transportation of Stolen Goods (Money) 18 U.S.C.

17  §2314.

18          2.2.    Second Cause Of Action: Laundering Of Monetary Instruments 18 U.S.C.

19  §1956

20          2.3.    Third Cause Of Action: Bank Fraud 18 U.S.C. §1344 Fraudulently

21  Obtaining Funds From Banks.

22          2.4.    Fourth Cause Of Action: Banker Fraud 18 U.S.C. §656 Misapplication and

23  Theft By Bank Officers.

24          2.5.    Fifth Cause Of Action: Civil Liability for Conspiracy 18 U.S.C. §371.

25          2.6.    Sixth Cause Of Action:  Prohibited Activities (Use of Proceeds to Invest in

26  Other Ventures and Operations) 18 U.S.C. §1962.

27      3.     The unlawful activity of the defendants started around April 2017 with funds

28  (money) being generated through monetization of the first and second stolen bank guarantees

3

1  sometime between July 2017 and September 2017.  Using the cash proceeds from the two (2)

2  monetizations, subsequent private trades occurred between August 2017 and December 2017.

3  Additional new private trades started-up between January 2018 and June 2019.  We further allege

4  that the private trades never stopped and were continuous between August 2017 and to May 2019.

5        4.     The plaintiffs first learned about the theft of the bank guarantees and the unlawful

6  conduct of the defendants generating funds on <u>12 September 2018</u>.  This information came from

7  one of the "investor plaintiffs" by telephone and email.  The plaintiffs sent formal demand letters

8  to the defendants starting on 8 October 2018.  The plaintiffs sent new and updated demand letters

9  and emails in January, February, March and April 2019, without success.  The defendants have

10  ignored our demand letters.  We believe that our demand letters, repeated telephone calls and

11  emails to the defendants have only encouraged the defendants to do a better job of moving and

12  hiding the stolen funds.

13

14  **<u>THE PARTIES</u>**

15  **<u>DEFENDANTS</u>**

16        5.     <u>Strategic Gold Pty Ltd (herein "Strategic Gold")</u>, represented by Mr. David Siglin,

17  located at 11 Cliff Street, 6160 Perth – Fremantle, Western Australia – Australia, Telephone: +61

18  409 880 690, Facsimile: +61 8 6311 7455 and Email: strategic.gold@gmail.com.

19        6.     <u>The Hunger & Agricultural Aid Foundation</u> (herein "Hunger Aid"), represented by

20  Mr. Abraham F. Witbooi with South Africa Passport No.: A04123532, located at 14 Glendale

21  Close Cape Town Western Cape, South Africa 7570.

22        7.     <u>Qualitech Holding LLC</u> (herein "Qualitech"), represented by Mr. John Moses as

23  Managing Partner, Indian Passport No.: P1466947 (Expiry: 25 May 2026), located at 205 Vernon

24  Avenue, Suite 155, Vernon, Connecticut 06066.

25        8.     <u>Global Vision Venture Capital, LLC (herein "Global Vision")</u>, (A Florida LLC,

26  No.: L11000004687), owned by Mr. Guy D. Carlson, located at 107 SW 99th Terrace,

27  Gainesville, FL, 32607, Telephone: (352) 256-0059 and Email: Guy@GlobalVisionVC.com.

28        9.     <u>Century Manor Trust Texas LTD</u>, <u>L & M Land Trust</u> and <u>eighteen other companies</u>

4

1   (herein "Century") represented by Mr. Leon Morris (CEO) (AKA Admiral Morris USN Ret.) and

2   Mr. David McCall (Trustee), Gay McCall Isaacks & Roberts Law Firm, 777 East 15th Street,

3   Plano, TX 75074 USA.

4         10.    Private Monetizers (New York and Hong Kong), exact entities and addresses

5   unknown at this time.

6         11.    Bank of New York - Mellon ("BNY"), located at 240 Greenwich Street, New

7   York, NY 10286 United States.

8         12.    Deutsche Bank AG, Taunusanlage 12, Frankfurt am Main, Germany 60325,

9   Telephone: +49 69 910 00 and Fax: +49 69 910 35754.

10        13.    Alpha Bank Cyprus Ltd., represented by Mr. Konstantinos Koutentakis, Managing

11  Director, Head Office, 3 Lemesou Avenue, 2112 Nicosia, Cyprus.

12        14.    Mr. Georgio Georgiou (Alpha Bank – Cyprus), Nicosia, Cyprus.

13        15.    Family Trust Foundation and Redspear Safety PTY LTD ("Family Trust"),

14  represented by Mr. Francois V. Witbooi (Mr. Abraham Witbooi's son), located at P.O. Box 333,

15  Maylands, Western Australia 6053, Australia.

16        16.    Conficom Trust S.ar.l (herein "Conficom")- Trade Organizer and Paymaster,

17  represented by Mr. Nicholas Martin, CEO – Director, located at 50 Esplanade Diekirch, L-9227

18  Luxembourg.

19        17.    Thyssenkrupp Group AG herein ("Thyssenhrupp") – Trade Platform, represented

20  by Mr. Kraus Gunter and Dr. Carsten Thiel von Herff, located at Allee 1, 45143 Essen Germany,

21  P.O. Box 40563 Essen, Germany.

22        18.    Private Banking, Society Generale, Bahnhofstrasse 62, Postfach 1974, CH-8021

23  Zurich, Switzerland.

24        19.    Credit Suisse, Investment Bank, Uetlibergstrasse 231, P.O. Box 700, CH-8070,

25  Zurich, Switzerland.

26        20.    Barclays Bank PLC, Private Bank, 1 Churchill Place, London E14 5HP United

27  Kingdom.

28        21.    HSBC (HK) Limited, located at 1 Queen Road, Central Hong Kong, Hong Kong

1   SAR.

2       22.    <u>Aydin Law Corp (herein "Aydin Law") and Paymaster</u>, represented by Mr. Kurt T.

3   Aydin, West 41st. Avenue, Oakridge Centre, Suite 530-650, Vancouver, British Columbia, V5z

4   2M9 Canada and represented by Mr. D. Barry Kirkham, Owen Bird Law Corporation, located at

5   Bentall 3, Suite 2900, 595 Burrard Street, Vancouver, BC V7X 1J5 Canada, Telephone (604) 688-

6   0401 and email: bkirkham@owenbird.com.

7       23.    <u>Mr. Steve Ufnal</u>, Broker, Vancouver, Canada.

8       24.    <u>Mr. John Keller (herein ("Keller")</u>, Trade Coordinator, Zurich, Switzerland.

9       25.    <u>Royal Bank of Canada ("RBC")</u>, represented by Ms. Maria Rajanayagam, bank

10   officer, located at 650 West 41st Avenue, Ste 328 N. O Tower, Vancouver, British Columbia V5Z

11   2M9, Canada.

12       26.    <u>Monash Capital Group PTY LTD,</u> company registration CAN: 117 708 442,

13   represented by Mr. Neil Youren, Melbourne, Australia as Paymaster.  The last location was Level

14   1, 103 Lonsdale Street, Melbourne, Victoria 3000, Australia.

15       27.    <u>National Australia Bank ("NAB")</u>, represented by Mr. Steve Gould and Ms. Sharon

16   Cook, located at 800 Bourke Street, Level 1, Docklands, Victoria 3008, Australia and 990 Toorak

17   Road, Camberwell, Victoria 3124, Australia.

18       28.    <u>Westpac Banking Corporation</u>, Westpac Banking Group, Westpac Place, located at

19   275 Kent Street, level 18, Sydney, NSW 2000 Australia and 218 St. Georges Terrace, Perth 6000,

20   Western Australia, Australia.

21

22                                            **PLAINTIFF**

23       29.    Mr. Thomas Kent, an individual, located at 330 Vernon Street, #1484, Roseville,

24   CA 95678-9998 USA, phone: +1 702-330-4202, fax: +1 866-450-2062 and email: tomkent@cats-

25   company.com.

26

27

28

6

1       **SUMMARY OF FACTS**

2           30.     The Parties documented their business relationship through joint venture

3   agreements ("herein "JVA").  The JVA outlined who would provide the underlying asset (BG),

4   profit sharing and who would organize the monetization and private trades.

5               30.1.   Plaintiff CATS signed a JVA with Strategic Gold on 8 May 2017.

6               30.2.   Strategic Gold signed a JVA with Hunger Aid on 16 July 2017.

7               30.3.   Hunger Aid signed a JVA with Qualitech on 18 July 2017.

8               30.4.   Hunger Aid signed a JVA with Global Vision on 18 July 2017.

9               30.5.   Qualitech signed a JVA with Century Manor Trust on 25 July 2017.

10              30.6.   Hunger Aid signed a JVA with Ojibway Capital on July 2017.

11              30.7.   Ojibway Capital signed a JVA with Global Vision on July 2017.

12          31.     On 10 July 2017, plaintiff CATS (Mr. Thomas Kent) provided defendant, Strategic

13  Gold Pty Ltd ("Strategic Gold") (Mr. David Siglin) a bank guarantee issued by the Bank of China

14  ("BOC"), Head Office, Banking Department (Beijing) for Five Billion US dollars

15  ($5,000,000,000.00 USD) with assigned bank guarantee ("BG") number BG-2017-193-5B.

16          32.     On 26 July 2017, defendant Strategic Gold sent an email requesting that the BG be

17  reassigned and the funds blocked to defendant Century Manor (Mr. David McCall) in order to

18  finalize the monetization and trading programs.

19          33.     On 29 July 2017, defendants Hunger Aid (Mr. Abraham Witbooi) and Mr. Steve

20  Ufnal, signed an Engagement Letter with defendant Aydin Law (Mr. Kurt Aydin) to perform

21  paymaster services to receive, move and hide funds.

22          34.     On 31 July 2017, Strategic Gold (Mr. David Siglin) sent plaintiff CATS an email

23  confirming that the Bank of New York-Mellon (BNY) was completing the monetization of the

24  BG (providing a line of credit to generate cash funds) before Friday, 4 August 2017.  Plaintiff

25  CATS believes that the monetization was actually done before Friday, 4 August and this email

26  was a misdirect from defendant Strategic Gold.

27          35.     On 4 August 2017, Strategic Gold instructed CATS to reassign the BG-2017-193-

28  5B to Century Manor Trust Texas LTD ("Century") (Mr. David McCall) to permit Century to

7

1   complete the monetization of the BG.

2        36.   On 8 August 2017, CATS confirmed the BG to the Bank of New York - Mellon

3   ("BNY"), the BG was reassigned to BNY and the funds blocked for the period of the transactions

4   (line of credit duration).  BOC sent a hard copy of the BG by courier to BNY as confirmation on

5   8 August 2017.  Strategic Gold (Mr. Siglin) and Century Manor (Mr. McCall) were notified on 8

6   August 2017, that the BG had been confirmed to BNY.

7        37.   On 10 August 2017, Strategic Gold (Mr. Siglin) requested some minor changes to

8   the BG to reflect the reassignment of the BG to Century Manor.  This was done and hard copy

9   confirmations sent to Strategic Gold and BNY.

10        38.   On or about 20 July 2017, Strategic Gold gave a second BG to Century to get

11   monetized (obtain cash funds) for private trades without plaintiff CATS' knowledge or approval.

12   This fact was learned on 11 May 2019, that there was a second BG used by the defendants.  The

13   BG numbers were probably BG-2017-203 and BG-2017-125.

14        39.   Between July and September 2017, defendant Century Manor (Mr. David McCall)

15   organized and orchestrated lines of credit ("LOC") against the two (2) bank guarantees using

16   private monetizers in New York City and Hong Kong. This may have involved defendant Global

17   Vision (Mr. Guy Carlson) because Global Vision had access to credit lines and trade platforms.

18        39.1.   Plaintiffs believe that each BG was monetized at a loan to value ("LTV")

19   of 85% of the BG face value.  Example:  $5.0 Billion times 85% equals $4.25 Billion US dollars.

20   This means the defendants got at least $8.50 Billion cash funds for the monetization of both bank

21   guarantees.

22        39.2.   The names of these private monetizers are unknown to plaintiffs at this

23   time and the names will be discovered in further legal steps and discovery.

24        39.3.   The plaintiff's received information from Strategic Gold (Mr. Siglin) that

25   the credit lines were paid off within about 30-days using funds from the private trades.

26        40.   On 16 August 2017, plaintiff CATS issued a Cease and Desist (C&D) to Century

27   Manor based on some information that Century Manor failed compliance.  Century Manor (Mr.

28   David McCall) acknowledged the receipt of the C&D by return email.

40.1.    This is a critical point because Century was instructed to stop all actions on using any bank guarantee instruments issued by BOC.   Plaintiffs would learn 1-year later that the transaction did not stop and monetization funds were generated using the BG and new profits from private trades.

40.2.    Plaintiff was also informed on <u>20 May 2019</u>, that the monetization of the two (2) bank guarantees might have been done before the C&D was given to Century.  Whether the monetization occurred before or after the C&D was issued, the fact remains that the defendants stole the funds and concealed the fact to plaintiffs.

41.    On 17 August 2017, plaintiff CATS sent a cease and desist notice (C&D) to Global Vision (Mr. Guy Carlson) for non-performance and cancelling the bank guarantee he was using to orchestrate monetization and prohibited Global Vision from using any instruments issued by BOC.

42.    On 21 September 2017, plaintiff CATS sent an email to defendant Strategic Gold (Mr. Siglin) to which Mr. Siglin replied stating that there have been no commitments, no monetization or transactions presented to the owners.  A deadline of Friday, Noon, London Time, 22 September 2017 was given to Strategic (Mr. Siglin) to produce documents and results to avoid a cease and desist (C&D).  Plaintiff was concerned about the misuse of the bank guarantees if we did not stop the transactions.  Plaintiffs would learn 1-year later in September 2018, that the bank guarantees were monetized and funds used in private trades before Mr. Siglin's email sent on 21 September 2017.

43.    On <u>23 September 2017</u>, Strategic Gold (Mr. David Siglin) was given a stop work letter, Cease and Desist Notice (C&D).   The plaintiffs learned in September 2018, that the transactions had not stopped and that all defendants received distributions (cash funds).

44.    On <u>29 September 2017</u>, defendant Thyssenkrupp instructed Deutsche Bank ("DB"), Frankfurt, to wire $1.550 Billion US dollars to the Royal Bank of Canada (herein "RBC") to defendant paymaster, <u>Aydin Law Corp (herein "Aydin")</u>, located in Vancouver, BC, Canada for the benefit of Qualitech (Mr. John Moses).

45.    On <u>29 September 2017</u>, Thyssenkrupp gave new instructions to DB and RBC to

9

1  redirect the $1.550 Billion funds to Deutsche Bank – Luxembourg to defendant paymaster,

2  Conficom Trust S.ar.l (Mr. Nicholas Martin).  RBC, Vancouver, Canada, has confirmed the

3  redirection of the transferred funds to Luxembourg.

4       46.  Between 1 and 20 October 2017, Conficom (Mr. Nicolas Martin) transferred the

5  $1.550 Billion and other funds obtained from Thyssenkrypp to defendants Society Generale –

6  Zurich, Credit Suisse – Zurich and Mr. John Keller, trade coordinator, located in Zurich.

7  Conficom and Mr. Keller used blind trusts and fake names to hide and invest the funds in private

8  trade transactions.

9       47.  Between July 2017 and December 2017, based on information, plaintiffs believe

10  the defendants received at least the following funds (shown in Billions and Million US dollars)

11  from the monetization (line of credit funds).  Note:  This a partial list of defendants.

12          47.1.  Century Manor:     $6.0 Billion

13          47.2.  Hunger Aid:     $5.0 Billion

14          47.3.  Qualitech:     $5.0 Billion

15          47.4.  Strategic Gold:     $50.0 Million

16          47.5.  Family Trust:     $3.0 Billion

17          47.6.  Mr. Georgiou     $300.0 Million

18          47.7.  Aydin Law Corp:     $300.0 Million

19          47.8.  Mr. Ufnal:     $20.0 Million

20          47.9.  Coliform:     $1.0 Billion

21       48.  Between December 2017 and July 2019, it is unknown how much funds the

22  defendants might have received from private trades.  Many private trades trade for 1-year (40 to

23  44 weeks per year).

24       49.  On 8 November 2017, defendant Hunger Aid (Mr. Witbooi) provided a "Bank

25  Confirmation Letter" ("BCL") from Alpha Bank Cyprus Limited, Cyprus, stating that BG

26  Number 2017-128 was in the final stages of being monetized (open a line of credit for cash

27  funds).  The BCL stated the funds would be sent to Strategic Gold (Mr. Siglin) to his National

28  Bank of Australia ("NAB").  On 6 October 2018, plaintiff CATS learned that defendant Mr.

1   Georgio Georgiou, a bank officer with Alpha Bank (Cyprus) received $300 Million US dollars for

2   organizing the monetization and opening bank accounts.  It was also learned that Mr. Georgiou

3   had been arrested for his involvement.

4         50.   On 5 January 2018, defendant Qualitech (Mr. John Moses) concluded an

5   engagement agreement known as a "Financial Undertaking" with defendant Thyssenkrupp Group

6   AG (Essen, Germany) to send three $3.0 Billion US dollars from defendant Deutsche Bank -

7   Frankfurt to defendant National Bank of Australia (herein "NAB"), Melbourne, Australia, to

8   defendant paymaster Monash Capital Group PTY Limited (Mr. Neil Youren) on behalf of

9   defendant Qualitech (Mr. John Moses).  Thyssenkrupp and Monash received large profit

10  distributions to perform these services.

11        51.   On 23 April 2018, defendant Hunger Aid (Mr. Abraham Witbooi) provided a

12  document from the German Finance Ministry confirming the funds were available.  This

13  document has been proven to be a forgery.  The exact purpose of the letter is unknown at this

14  time.  It is believed that it was to stall sending funds to the plaintiff private investor.

15        52.   Between 26 September 2018 and 31 April 2019, plaintiff CATS sent emails, letter

16  by emails, faxes and in many cases hard copy of request for information and demand for

17  restitution (Demand Letters) to the all defendants worldwide listed above.  As of 20 June 2019,

18  all defendants have refused to provide any information and have obtained lawyers or "gone of the

19  grid", so to speak, to avoid detection and discovery.

20        53.   On 21 March 2019, plaintiff CATS sent a letter by email to the Bank of New York

21  – Mellon ("BNY") requesting information about BNY's involvement in the monetization of a

22  BOC bank guarantee (#193 and #203).  BNY has refused to provide any information or reply to

23  email, faxes and US mail letters sent to BNY and BNY's legal department.  CATS first learned

24  that BNY actually facilitated the monetization of the BG using one of their private monetizer on

25  21 March 2019.

26

27  **FIRST CAUSE OF ACTION**

28  **TRANSPORTATION OF STOLEN GOODS (MONEY) 18 U.S.C. §2314**

11

1    54.    The preceding paragraphs are realleged and incorporated herein.

2    55.    The defendants were contractually responsible for organizing and orchestrating

3    transactions using bank guarantee(s) provided by the plaintiffs, as underlying collateral to secure

4    monetization of the bank guarantee to generate cash funds to participate in private trade

5    transactions.  At no time were the plaintiffs made aware that the defendants had secured private

6    monetizers and banks to generate cash funds using plaintiff's bank guarantee instruments.

7    56.    The defendants' used one bank guarantee with a private monetizer to generate cash

8    funds working through the bank of New York, New York City and a second private monetizer

9    located in Hong Kong.  From each of these monetizations, the defendants took cash across state

10    lines and international boundaries knowing that the funds were stolen and taken by fraud.

11    57.    In violation of code §2314, the defendants without the knowledge of the plaintiffs,

12    transmitted the bank guarantee (a marketable security) internationally to Hong Kong, where the

13    bank guarantee was converted to cash through a line of credit process.

14    58.    The defendants transmitted in interstate and foreign commerce securities (bank

15    guarantee instruments) and money (US dollar funds), of the value of $5,000 or more, knowing the

16    instruments were stolen by fraud in violation of 18 U.S.C. §2314.

17    59.    The defendants devised schemes to obtain money by proceeding with the

18    transactions without the funds owner (plaintiff) knowledge or approval with the use of other

19    defendants to move, hide, convert and evade detection by plaintiffs.  The principal defendant that

20    was the main organizer, Century Manor (Mr. David McCall), was given a cease and desist notice

21    (C&D) during the monetization process and ignored plaintiff's instructions to stop all actions.

22    The defendants continued to finalize the transactions and move funds to the benefit of the

23    defendants.

24    60.    The movement of money interstate and internationally was frequent and in large

25    amounts between July 2017 and March 2019.  Plaintiffs know that funds were moved

26    domestically to New York, New Jersey, Florida, Georgia, Colorado, Nevada and California.

27    Funds were moved internationally to United Kingdom, Canada, Luxembourg, Germany, France,

28    Switzerland, Cyprus, South Africa, Australia and Hong Kong.  Through discovery, plaintiffs will

12

1    confirm additional places were the funds stolen from the plaintiffs were sent, received and hidden

2    (ownership disquised).

3

4    **SECOND CAUSE OF ACTION**

5    **<u>LAUNDERING OF MONETARY INSTRUMENTS 18 U.S.C. §1956</u>**

6        61.    The preceding paragraphs are realleged and incorporated herein.

7        62.    The defendants organized and orchestrated monetization (financial) transactions

8    using stolen and fraudulently obtained bank guarantee instruments to engage in new transactions

9    using the stolen (unlawful) cash funds to obtain more cash funds (18 U.S.C. §1956 (a)(1) and

10    (B)(i)) through private trade programs internationally.

11          62.1.    Plaintiff CATS asserts the defendants a minimum of $8.5 Billion US

12    dollars (Eight Billion Five Hundred Million USD) from the monetization process to convert the

13    bank guarantee instruments to cash funds via line of credits.

14          62.2.    Plaintiff CATS asserts the defendants earned up to $80 Billion US dollars

15    (Eighty Billion USD) through subsequent private trades managed by the various defendant trade

16    organizers and defendant trade banks.

17        63.    The defendants engaged <u>money movers</u>, <u>trade organizers</u> and <u>trade banks</u> to

18    transmit (by wire), conceal and disguise the funds ownership, funds location, source and control

19    over the funds to hide the funds from detection (18 U.S.C. §1956 (a)(1), (B)(i) and (3) (C)).

20    Plaintiffs know that defendants used fake names, blind trusts, family member and charitable

21    foundation names and purchased other entities (churches) to hide the unlawfully obtained cash

22    funds.  Jurisdiction over foreign persons and financial institutions is permitted under 18 U.S.C.

23    §1956, Penalties (b)(2).

24        64.    Defendants transmitted (by wire) the bank guarantee monetary instrument to Hong

25    Kong without the knowledge or approval of plaintiff owner CATS (18 U.S.C. §1956 (2)).  This

26    was also in violation of a restriction we have in not allowing any US dollar bank instruments into

27    Hong Kong.  This restriction was communicated in writing to the defendants are the start of the

28    monetization process.

64.1.    The <u>money movers</u> and paymasters included defendants Mr. Georgio Georgiou (Cyprus), Aydin Law Corp (Canada), Conficom Trust (Luxembourg), Thyssenkrupp Group (Germany) and Monash Capital Group (Australia).

64.2.    The <u>trade organizers</u> and trade platforms included Century Manor (USA), Thyssenkrupp Group (Germany), Strategic Gold (Australia), Hunger Aid (South Africa), Qualitech Holdings (USA), Global Vision Venture (USA), Family Trust Foundation (Australia) and Mr. John Keller (Zurich).

64.3.    The <u>trade banks</u> and <u>banks receiving cash funds</u> for the other defendants included Bank of New York-Mellon (USA), Deutsche Bank AG (Germany), Alpha Bank (Cyprus), Society Generale (Zurich), Credit Suisse (Zurich), Barclays Bank PLC (United Kingdom), Royal Bank of Canada (Canada), National Australia Bank (Australia), Westpac Bank (Australia) and Private Monetizers (USA and Hong Kong).

65.    Specific information on the unlawful actions of the defendants regarding the movement of funds and money laundering.

65.1.    Defendant <u>Century Manor</u> (Mr. David McCall) is skilled in moving funds through various corporate entities, offshore corporate registrations, a legal office as a front organization and fail to register as a foreign corporation in Texas to avoid detection.  Mr. David McCall has at least 18 corporate entities that show him as an officer and representative.

65.2.    Defendant <u>Conficom Trust</u> (Mr. Nicholas Martin) is part of the Santa Fe Group Global that is skilled at moving funds internationally through their 500 corporate entities.

65.3.    Defendant <u>Hunger Aid</u> (Mr. Abraham Witbooi) got turned into the tax authorities in South Africa and paid a large fine for hiding cash funds and failing to report the cash funds he received from his unlawful activities.  Plaintiffs are aware that on a monthly basis, Hunger Aid's board of directors make regular cash withdraws in South Africa to continue to hide funds.  In addition, Hunger Air – Mr. Abraham Witbooi moves funds to his son, Mr. Francois Witbooi, located near Perth Australia on a regular basis.

65.4.    Defendant Mr. <u>Georgio Georgiou</u> (Cyprus) has been detained and sentenced for not report the $300 Million US dollar (Three Hundred Million USD) he received

14

1   for providing bank accounts and moving funds for the other defendants.

2          65.5.   Defendant Deutsche Bank AG (Frankfurt, Germany) sent wire transfers to

3   Canada ($1.55 Billion), Switzerland (up to $6 Billion), South Africa ($3 Billion) and Australia

4   ($6 Billion) to other defendants in conjunction with Thyssenkrupp Group (Mr. Nicolas Martin).

5          65.6.   Defendant Bank of New York – Mellon hosted the monetization of at least

6   one bank guarantee instrument and sent funds intestate and internationally to support the activities

7   of the other defendants.

8          65.7.   Defendant Qualitech Holding (Mr. John Moses) had unlawful funds sent

9   from Deutsche Bank – Frankfurt to defendant paymaster with Royal Bank of Canada ($1.55

10  Billion USD) with immediate redirect of the funds to Conficom Trust in Luxembourg and to

11  paymaster with National Bank of Australia ($3 Billion USD).

12         65.8.   Defendant Thyssenkrupp Group AG (Mr. Kraus Gunter) is skilled at

13  moving funds internationally to avoid detection and reporting.  Thyssenkrupp moved at least

14  $1.550 Billion to Luxembourg and $3 Billion US dollars to Australia.

15         65.9.   Defendant Aydin Law Corp (Mr. Kurt Aydin), as a paymaster, was part of

16  the funds sent from Deutsche Bank and redirected to Luxembourg.  Mr. Aydin has successfully

17  hidden the funds he received for his services to the other defendants.

18         65.10.  Between October 2017 and March 2019, defendant Family Trust

19  Foundation (Mr. Francois Witbooi) received funds from Zurich and made regular trips to Zurich,

20  Frankfurt and London to organize new trade transactions using the unlawful funds obtained by his

21  father, Mr. Abraham Witbooi, defendant Hunger Aid.  To further hide and disguise the stolen

22  funds, defendants Family Trust and Hunger Aid participated in small trades, commodity

23  transactions, loans to other entities, investments in other entities and positioned funds at different

24  banks under different names.

25

26                          **THIRD CAUSE OF ACTION**

27  **BANK FRAUD 18 U.S.C. §1344 FRAUDULENTLY OBTAINING FUNDS FROM BANKS**

28  **AND §1343 WIRE FRAUD**

15

66.     The preceding paragraphs are realleged and incorporated herein.

67.     The defendants individually and collectively executed a scheme that defrauded a number of financial institutions.  Between July 2017 and May 2019, the defendants fraudulently obtained funds (money) from using plaintiff's stolen bank guarantees as underlying collateral to secure credit lines from private monetizers and financial institutions (banks).  The banks were given false information and misrepresentations as to the proper ownership and control over the bank guarantees.  Getting high bank fees induced the banks to provide the credit lines and accept the cash funds to operate new private trades.

68.     Between July 2017 and May 2019, the defendants fraudulently and unlawfully failed to disclose the real source of funds and continued to defraud the banks to generate new cash funds.

69.     All the defendants received a portion of the credit line cash funds in the beginning of the defendant's scheme and then participated in private trades to generate new cash funds.  The foundation for all the transactions and the original source of funds was based on the conversion of the stolen bank guarantees to cash US dollars.

70.     All defendants committed bank fraud interstate and internationally, as per 18 U.S. Code §1344.

71.     All defendants in the furtherance of the scheme to defraud investors, banks, and plaintiffs, engaged in the use of interstate and international telephone calls, electronic communications (Skype, Whatapp, Signal and faxes) and email and text messages, all in violation of 18 U.S. Code 1343.


## FOURTH CAUSE OF ACTION

### BANKER FRAUD 18 U.S.C. §656 MISAPPLICATION AND THEFT BY BANK OFFICERS


72.     The preceding paragraphs are realleged and incorporated herein.

16

73.     Plaintiffs believe that certain banks gave aid and support to the unlawful activities of the other defendants.  Bankers and bank employees at Deutsche Bank AG (Frankfurt and Luxembourg), Royal Bank of Canada (Vancouver), Barclays Bank PLC (London) Credit Suisse (Zurich), Society Generale (Zurich), Barclays Bank PLC (London), Bank of New York – Mellon (New York), Cyprus Bank Limited (Cyprus), two banks in South Africa, National Australia Bank (Melbourne) and Westpac Bank (Perth) all accepted the stolen funds, diverted and redirected funds, took more than normal bank fees and took distributions as an inducement to take from unlawfully from their banks.

74.     Authorities in Cyprus and South Africa have already detained, tried and levied fines against defendants Mr. Georgio Georgiou (Cyprus Bank Limited) and Hunger Aid (Mr. Abraham Witbooi, South Africa).

75.     Through further discovery, the flow of funds from between defendants can be confirmed and additional recovery can be sought.

## FIFTH CAUSE OF ACTION

### CIVIL LIABILITY FOR CONSPIRACY 18 U.S.C. §371

76.     The preceding paragraphs are realleged and incorporated herein.

77.     Defendants, acting individual and as a group, engaged in unlawful acts to fraudulently steal funds from plaintiffs causing economic harm to the plaintiffs, private investors and charitable foundations the plaintiffs support, in violation of civil conspiracy protocols.

78.     The defendants were aware at the time of the first transactions that their actions were wrong and unlawful.  Plaintiffs sent cease and desist letters to the key defendants and plaintiffs learned after the fact that the defendants knew what they were doing.  This is what initiated the defendant's actions to divert, convert and disguise the funds on a worldwide basis.

79.     Civil penalties for two or more defendants engaging in a conspiracy and overtly to illegally obtain cash funds, continuous acts of deception and hiding assets for at least 22-months, willfully and knowingly conspiring to injure plaintiffs and resulting in damages.  The elaborate and well planned conspiracy involves individuals, corporate entities, banks, bankers, lawyers as

1    paymasters and using foundations as a means to steal and hide funds.

2         80.    Hunger Aid (Mr. Abraham Witbooi) has made threats to plaintiffs for making

3    inquiries about the missing funds. Mr. Witbooi's threats were to have his "people come to the

4    USA to break our legs if we did not stop" in violation of 18 U.S.C. §373, Crime of Violence.

5

6    **SIXTH CAUSE OF ACTION**

7    **PROHIBITED ACTIVITIES (USE OF PROCEEDS TO INVEST IN OTHER VENTURES**

8    **AND OPERATIONS) 18 U.S.C. §1962**

9         81.    The preceding paragraphs are realleged and incorporated herein.

10         82.    Defendants Hunger Aid (Mr. Abraham Witbooi, South Africa), Family Trust (Mr.

11    Francois Witbooi, Australia), Qualitech (Mr. John Moses, USA) and Century Manor (Mr. David

12    McCall, USA) received income from the original and subsequent private trades and commodities

13    transactions and invested the unlawful funds into foundations, business entities and projects

14    engaged in interstate and international commerce, all violation of 18 U.S.C. §1962.

15         83.    Plaintiffs expect to confirm the investments made by the other defendants through

16    further discovery and the results of the criminal complaints filed on 5 April 2019 in all legal

17    jurisdictions of the defendants.

18    **REQUEST FOR RELIEF**

19    WHEREFORE, Plaintiffs, respectfully requests that this Court:

20         A.    Enter a declaratory judgment that the relief sought by the plaintiffs for

21    compensatory damages from all defendants with the return and seizer of all funds generated

22    through the monetization of the stolen bank guarantees (up to $12 Billion US dollars) and all

23    funds generated through subsequent reinvestments and conversions from July 2017 through the

24    date of this judgment (June 2019) (up to $87 Billion US dollars);

25         B.    Enter a declaratory judgment against all defendants for punitive damages to punish

26    the defendants for willful and malicious behavior against plaintiffs and deter defendants from

27    engaging in similar conduct in the future as the Court deems just and proper;

28         C.    Award plaintiff's the right to trace all funds and activities of defendants to

18

1    determine what happened to the funds (money), identify all persons who have handled or received

2    the funds, require each defendant to justify their right to funds identified, confirm funds still held

3    by defendants, confirm defendants property is subordinated to plaintiffs right and all investments

4    and conversions by defendants between July 2017 and July 2019;

5           D.      Award reasonable and court approved legal and court fees from defendants;

6           E.      Award injunctive relief (temporary restraining order) against each defendant, as

7    appropriate, to stop defendants from moving, converting and disguising funds from the Court and

8    plaintiffs; and

9           F.      Grant the United States such other relief as the Court deems just and proper.

10          G.      A jury trial is not requested.

11

12   **PLAINTIFF DECLARATION**

13

14   This civil law suit is based on my personal knowledge, my review of the records and other

15   materials obtained during the investigation and review period, documents obtained from

16   others, documents I located, both from the various defendants and victims. I have done some

17   initial verifications and confirmations of the information received from others or from

18   documents I have reviewed, those statements are reported in substance or in part, unless

19   otherwise indicated in this civil case. I believe the information received from others to be

20   truthful and reliable only after I did some additional investigation with other sources. Because

21   the defendants did everything they could to conceal and evade any detection, every statement

22   by the defendants, should be treated as unreliable and need further investigation. I have not

23   included each and every fact known to me concerning this civil case. Rather, I have set forth

24   only those facts that I believe are sufficient to establish the necessary foundation for a formal

25   civil law sit and the right further discovery.

26

27

28

Respectfully submitted,

For Plaintiffs

08 July 2019