UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KENT,<br><br>        Plaintiff,<br><br>    v.<br><br>CENTURY MANOR TRUST LTD, et al.,<br><br>        Defendants. | No. 2:19-cv-01277 MCE AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Multiple motions to dismiss are before the court: (1) Motion to Dismiss by Defendant Bank of New York Mellon (ECF No. 6); (2) Motion to Dismiss by Defendant Guy D. Carlson (ECF No. 15); (3) Motion to Dismiss by Century Manor Trust et al. (ECF No. 22); (4) Motion to Dismiss by Francois Witoobi, Redspear Safety Pty Ltd, and Natasha Witoobi, in her capacity as trustee of the Francois and Natasha Witoobi Family Trust (Erroneously sued as the Family Trust Foundation) (ECF No. 26), and (5) Motion to Dismiss by Kurt T. Avdin, Avdin Law Group (ECF Nos. 30, 33 (amended to correct noticing information)). Plaintiff has opposed the motions at ECF Nos. 6 and 15. ECF Nos. 24, 25. For the reasons that follow, the undersigned recommends this case be DISMISSED in its entirety for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

1

# I. BACKGROUND

## A. The Complaint

Thomas Kent, proceeding in pro se, filed a complaint against 36 defendants on July 10, 2019. ECF No. 1. Plaintiff paid the filing fee, id., so the complaint was not subject to screening under 28 U.S.C. § 1915(e)(2). Plaintiff alleges diversity of citizenship as the basis for jurisdiction, but also lists several federal criminal statutes in support of federal question jurisdiction. Id. at 11. Plaintiff alleges the amount in controversy is $87 billion, which defendants stole and misused as bank guarantees to generate cash funds and participate in private trade transactions. Id. at 12.

Plaintiff's complaint presents six putative causes of action: (1) transportation of stolen goods in violation of 18 U.S.C. § 2314; (2) laundering of monetary instruments in violation of 18 U.S.C. § 1956; (3) bank fraud in violation of 18 U.S.C. § 1344 (fraudulently obtaining funds from banks); (4) banker fraud in violation of 18 U.S.C. § 656 (misapplication and theft by bank officers); (5) civil liability for conspiracy in violation of 18 U.S.C. § 317; and (6) prohibited activities in violation of 18 U.S.C. § 1962. Id. at 17.

Plaintiff alleges that defendants stole and misrepresented at least two cash-backed bank guarantee instruments. ECF No 1 at 12. Plaintiff goes on to describe a complex web of interactions and relationships among the various defendants, and between defendants and plaintiff's business, CATS. Id. at 21-25. Although the only named plaintiff is "Thomas Kent, an individual" (see ECF Nos. 1 at 1, 12, 15, 20), the body of the complaint refers to CATS repeatedly as the injured party and sometimes as the plaintiff. See, e.g., ECF No. 1 at 21 ("plaintiff CATS (Mr. Thomas Kent) provided . . ."), ("Strategic Gold (Mr. David Siglin) sent plaintiff CATS an email . . ."), 22 ("Cats confirmed the BG . . ."), ("without plaintiff CATS' knowledge or approval").

////

////

////

B. Motions to Dismiss

All defendants who have appeared now move to dismiss. ECF Nos. 6, 15[1], 22, 26 and 30. These motions present various grounds for dismissal, but one deficiency is addressed by all: the fact that plaintiff does not state any plausible civil claim. ECF Nos. 6-1 at 2; 22-1 at 14; 26 at 19; 30-1 at 6. The motions at ECF Nos. 15 and 26 also raise the threshold issue of standing. Because the court agrees that plaintiff lacks standing to pursue this case, the court lacks subject matter jurisdiction and the case as a whole must therefore be dismissed.

## II. ANALYSIS

A. Legal Standards Governing Motions to Dismiss

1. Standards Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

2. Standards Under Rule 12(b)(6)

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

---

[1] The motion at ECF No. 15 is brought by pro se defendant Guy D. Carlson on behalf of himself and his corporation, Global Vision Venture Capital, LLC. A pro se party may not represent a business entity, including his own. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993). Accordingly, ECF No. 15 may be considered only as to the claims against Mr. Carlson as an individual defendant. The motion is so construed.

3

sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d

266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Standing and Related Matters

The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, among other things, that plaintiffs have standing. Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1121-22 (9th Cir. 2010) (citing Allen v. Wright, 468 U.S. 737, 750 (1984)). "[T]he irreducible constitutional minimum of standing contains three elements," which the party invoking jurisdiction must prove. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). First, plaintiff must establish that he personally suffered an "injury in fact," meaning an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Id. at 560 (citations, internal quotation marks, and footnote omitted). Second, the plaintiff must show that his injury is reasonably traceable to the alleged conduct of the defendant. Id. at 560-61. Finally, the plaintiff must show that a decision in his favor would reasonably redress his injury. Id. at 561. Because lack of standing undermines subject matter jurisdiction, the issue is properly raised in a Rule 12(b)(1) motion to dismiss. Chandler, 598 F.3d at 1122.

In the present case, sole plaintiff Thomas Kent has not alleged facts that establish he has personally suffered an injury in fact. To the contrary, it is clear that the alleged injury was suffered by a business entity, CATS. CATS is the entity alleged to have entered into the web of joint venture agreements underlying this business dispute. ECF No. 1 at 21, ¶ 30. CATS is the entity alleged to have conducted numerous financial transactions which resulted in losses when the defendants allegedly failed to perform on their obligations and committed various crimes. ECF No. 1 at 21- 25. The complaint contains no allegations of losses or other injuries to Thomas Kent personally, independent of CATS. Accordingly, Mr. Kent lacks standing to pursue any claims against the defendants. Because the complaint has been filed by "Thomas Kent, an

////

individual" (see ECF Nos. 1 at 1, 12, 15, 20), Mr. Kent's lack of standing deprives this court of any subject matter jurisdiction it might otherwise have.[2]

Plaintiff cannot avoid this result by referring to himself and CATS interchangeably or jointly as "plaintiffs" in the body of the complaint. See ECF No. 1 at ¶¶ 30.1, 31, 34, 35, 36, 38, 40, 41, 42, 49, 52, 53, 62.1, 62.2, 64. The individual and the business are legally distinct entities, and therefore must separately establish standing in order to proceed as plaintiffs. See McCollum v. California Dep't of Corr. & Rehab., 647 F.3d 870, 878 (9th Cir. 2011). Mr. Kent has no standing to bring claims arising from injuries to CATS, and the complaint has not been brought by CATS.

Moreover, Mr. Kent may not represent CATS in this court. A non-attorney may appear in pro se on his own behalf, but that privilege is personal to him and he has no authority to appear as the attorney for anyone other than himself. C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987). It is a long-standing rule that corporations and other business entities must appear in court through an attorney. D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004); see also E.D. Cal. Local. Rule 183(a) (a corporation or other entity may appear only by an attorney). CATS has not appeared in this case and Mr. Kent may not pursue CATS' claims, either directly (because he lacks standing) or as a representative (because he is not an attorney).

For these reasons, the complaint should be dismissed in its entirety on grounds that Mr. Kent lacks standing.[3]

C. Failure to State a Claim

The complaint seeks relief exclusively for violations of the criminal code. A citizen does not have authority to bring criminal charges. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones,

---

[2] It also does not appear that Mr. Kent is the "real party in interest" within the meaning of Rule 17(a). Accordingly, his capacity to bring any claims arising from the subject joint venture agreements is doubtful. Because standing is jurisdictional and therefore dispositive, the capacity issue need not be addressed further.

[3] Because a jurisdictional defect deprives the court of the authority to consider the case, the complaint must be dismissed as to all defendants, not just as to the moving defendants.

520 U.S. 681, 718 (1997). Accordingly, Title 18 of the United States Code does not establish any private right of action and cannot support a civil lawsuit. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability). Accordingly, the complaint fails to state a claim upon which relief could be granted. Neither plaintiff Kent nor CATS (if represented by counsel) could pursue the claims presented in the complaint, which are predicated on alleged violations of the criminal code.

Plaintiff's sixth cause of action is asserted under 18 U.S.C. § 1962, the Racketeer Influenced and Corrupt Organizations Act ("RICO") provision—a criminal statute which, like each of the other claims presented—does not support a private right of action. Even if the complaint could be read to seek recovery under the civil remedies provision of 18 U.S.C. § 1964 ("civil RICO"), it still fails to state a claim. The elements of a civil RICO claim are that "a defendant must participate in (1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity or collection of unlawful debt. In addition, the conduct must be (5) the proximate cause of harm to the victim. To show the existence of an enterprise under the second element, plaintiffs must plead that the enterprise has (A) a common purpose, (B) a structure or organization, and (C) longevity necessary to accomplish this purpose." Eclectic Properties E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 997 (9th Cir. 2014) (internal citations omitted).

Even if construed as a civil RICO matter, the complaint would fail to state a claim. First, although plaintiff purports to seek relief from "14 defendants residing in 14 different US states and 26 defendants residing in foreign countries" (ECF No. 1 at 16), he does not allege that these defendants are collectively engaged in any kind of enterprise with a common purpose, structure or organization, or the longevity necessary to accomplish their joint purpose. His allegations about multiple improprieties by multiple defendants do not support any inference of collective action or a collective enterprise within the meaning of § 1964. Nor does plaintiff allege any damages to himself—he states only that several of the defendants "received income" from unlawful trades and transactions. ECF No. 1 at 32. Accordingly, the complaint cannot be fairly construed to allege a civil RICO claim.

Plaintiff's complaint is fatally flawed because it does not present any civil cause of action. No amendment can remedy this defect. See Cohen v. U.S., 2008 WL 2051697 at * 14 (C.D. Cal. May 12, 2008) (noting that the deficiency of a civil action brought under a criminal statute "is not capable of being cured by amendment"). Though a pro se plaintiff is generally entitled to an opportunity to correct defects in a complaint by amendment, that step is not appropriate where, as here, the defects cannot be cured. Noll, 809 F.2d at 1448.

### III. CONCLUSION

Accordingly, the undersigned recommends as follows:

1. That the motions to dismiss at ECF Nos. 6, 15 (as construed herein), 22, 26, and 30 be GRANTED; and

2. That the complaint (ECF No. 1) be DISMISSED in its entirety for lack of jurisdiction, and the case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 29, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE